UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Darwin B. Myers, Jr., *et al.*, | Case No. 3:14 CV 1093 |
|     Plaintiffs, | JUDGE JAMES G. CARR |
|   v. | ORDER |
| Wells Fargo Bank, N.A., *et al.*, | |
|     Defendants. | |

*Pro se* Plaintiffs Darwin B. and Jill T. Myers filed this action against defendants Wells Fargo Bank, N.A. and Manley Deas Kochalski, LLC, alleging claims under the federal Fair Debt Collection Practices Act (FDCPA) and Ohio's Pattern of Corrupt Activities Act and seeking to appoint a receiver under Ohio Rev. Code § 2735.01. The Plaintiffs have also filed an application to proceed *in forma pauperis*.

The Plaintiffs' application to proceed *in forma pauperis* is granted. For the reasons stated below, however, their complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

**Background**

Plaintiffs' action relates to a state-court foreclosure case brought against them by Wells Fargo in November 2012. *See Wells Fargo Bank, N.A. v. Jill T. Myers, et al.*, No. 12 CV 000324 (Fulton County Court of Common Pleas).

Plaintiffs allege they were borrowers on a promissory note executed in 2003 in the amount of $139,904.00 to Taylor Bean and Whitaker Mortgage. The note was secured by a mortgage on

the Plaintiffs' home. (Pltf. Complt., ¶ 15.) On November 22, 2006, Plaintiffs "received a welcome letter from Defendants advising them that they [had] taken over the servicing of the mortgage loan from Washington Mutual." (*Id*., ¶ 16.) The Plaintiffs proceeded to direct payments to the "Defendant" over the next several years. (*Id*.)

On February 27, 2012, the "Defendant" recorded a "Corporate Assignment of Mortgage," in which Defendant claimed its interest in the Plaintiffs' mortgage from the original mortgage lender,

Taylor Bean and Whitaker Mortgage. (*Id*., ¶ 17.)

On November 20, 2012, the Defendant sued the Plaintiffs in Fulton County Common Pleas Court for money damages and to foreclose on the property. (*Id*., ¶ 21.) The Plaintiffs continued to communicate with the Defendant with the hopes of achieving a loan modification and mistakenly believed this communication meant the foreclosure proceedings against them were on hold. However, foreclosure was granted to the Defendant in the state-court foreclosure action, and the Plaintiffs' property was sold at a sheriff's auction on July 11, 2013. (*Id*., ¶ 24.)

The Plaintiffs allege in this action the Defendant violated the FDCPA because it did not obtain and/or file an assignment of the Plaintiffs' notes or mortgages until the Plaintiffs were already in default and after the Defendant filed suit in its own name as the holder or owner of the Plaintiffs' notes and mortgages. They also allege that, in foreclosing on the Plaintiffs' home, the Defendant made false and misleading representations concerning its standing to sue, its interest in the Plaintiffs' debt, and the status of the Plaintiffs' debt.

The Plaintiffs further allege the Defendant violated Ohio's Pattern of Corrupt Activities Act "by knowingly filing complaints alleging Defendant's ownership of promissory notes and mortgages

when in fact it did not own the notes and mortgages, and by knowingly filing complaints in reckless disregard of the fact that Defendant was not authorized to engage in such activities as trustee in Ohio." (*Id.*, ¶ 34.)

## Discussion

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). To survive a dismissal, the plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

Even assuming all of the Plaintiffs' factual allegations are true, the Plaintiffs' claims in this case are barred by the doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013).

"A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at 493. *Res judicata* will bar a second suit if four elements exist: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the same transaction or occurrence as the previous action. *Id.*

These elements are satisfied here.

First, the Fulton County Court of Common Pleas docket reflects that a final judgment was entered in the state-court foreclosure action brought against the Plaintiffs. Second, the present lawsuit involves the same parties as the state foreclosure case. Third, plaintiffs could have litigated the claims they raise in this case in the state action. Fourth, plaintiffs' claims arise out of the same "transaction or occurrence" that was the subject matter of the previous case: Defendant's entitlement to foreclose on the Plaintiffs' mortgage loan.

Accordingly, the claims the Plaintiffs assert here are barred by the doctrine of *res judicata*. *See, e.g., Clark v. Lender Processing Serv., Inc*., 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013).

Moreover, "collaterally attacking final judgments by way of a separate action is disfavored," and collateral attacks are permitted only in very limited circumstances, *i.e*., when the court lacked jurisdiction or when the prior court order was the product of fraud. *See Davet v. Fed. Nat'l Mtge. Ass'n*, 2012-Ohio-3575, ¶ 8,(Ohio App.).

In *Davet*, the Ohio Court of Appeals held that the appropriate remedy for a mortgagor to challenge a financial institution's lack of standing to pursue a foreclosure action "was in the direct

appeal of the foreclosure court's decision and that [the financial institution's] lack of standing [to foreclose on a mortgage loan] was not a jurisdictional defect for which a collateral attack could be taken." (*Id*., ¶ 11.)

Therefore, to the extent the Plaintiffs seek to challenge Wells Fargo's standing to pursue the state foreclosure action, the Plaintiffs' proper remedy was direct appeal of the state- court decision. A separate action such as this challenging the financial institution's standing constitutes an improper collateral attack on a final judgment under Ohio law. *Clark*, 949 F. Supp. 2d at 772-73.

## Conclusion

For these reasons, the Plaintiffs' complaint is frivolous, and this case is dismissed pursuant to 28 U.S.C. §1915(e). The court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge